**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRANDY L. ANDERSON, | ) | NO. ED CV 17-1063-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on May 26, 2017, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on June 27, 2017. Plaintiff filed a motion for summary judgment on December 18, 2017.

Defendant filed a motion for summary judgment on January 17, 2018. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed June 5, 2017.

**BACKGROUND**

Plaintiff asserts disability since October 1, 2011, based on alleged physical and psychological impairments (Administrative Record ("A.R.") 16-741). The Administrative Law Judge ("ALJ") found Plaintiff suffers from several severe impairments, including "generalized anxiety disorder" and "depression" (A.R. 18).

In assessing Plaintiff's residual functional capacity, the ALJ purportedly gave "great weight" to the opinions of Dr. Roger Tilton, a consultative examining psychologist (A.R. 26, 364-69). In one of those opinions, Dr. Tilton stated that Plaintiff's "ability to perform work activities without special or additional supervision is judged to be moderately limited" (A.R. 369). Yet, the ALJ defined a light work residual functional capacity for Plaintiff that does not appear to acknowledge any need for "special or additional supervision" (A.R. 21). The only arguable psychologically-based limitation in the residual functional capacity defined by the ALJ is the limitation "to unskilled work with occasional contact with the public" (id.).

In response to a hypothetical question assuming this residual functional capacity, a vocational expert identified jobs a person so limited assertedly could perform (A.R. 59-60). In reliance on this testimony, the ALJ found Plaintiff not disabled (A.R. 28-29). The

Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

**DISCUSSION**

Plaintiff argues, inter alia, that the ALJ erred by failing to account for Dr. Tilton's opinion that Plaintiff is moderately limited in the ability to perform work activities without special or additional supervision. Defendant argues that the ALJ's limitation of Plaintiff to "unskilled work with occasional contact with the public" properly accounted for Dr. Tilton's supervision-related opinion.

Contrary to Defendant's argument, a limitation to unskilled work does not account for a need for special or additional supervision. The recent decision of Jaquez v. Berryhill, 2017 WL 5989197 (D.N.M.

Dec. 1, 2017) ("Jaquez") is instructive.  There, doctors opined that the claimant was moderately  limited in the ability to sustain an ordinary routine without special supervision.  Id. at *5.  Defendant argued that such limitation "is adequately accounted for in the ALJ's 'limiting Plaintiff to simple instructions and [simple] work-related decisions. . . .'"  Id.  In rejecting this argument, the Jaquez Court observed that the Social Security Administration's Program Operations Manual Systems states that one of the mental abilities "critical" for performing unskilled work is the ability to "sustain an ordinary routine without special supervision."  Id.  The Jaquez Court concluded that "[i]t was reversible error for the ALJ to purportedly adopt the doctors' [supervision-related] opinions while assessing an RFC [residual functional capacity] that conflicted with them" (id.).  Other district courts are in accord with the Jaquez decision.  See Davis v. Colvin, 2014 WL 3890495, at *13 (W.D. Va. Aug. 7, 2014) ("a restriction to simple unskilled work does not address a limitation that [the claimant] requires additional supervision and instruction . . ."); Gonzales v. Astrue, 2010 WL 4392911, at *13 (E.D. Cal. Oct. 29, 2010) (ALJ's limitation of the claimant to unskilled work failed to account for the claimant's alleged need for additional supervision).

   Thus, if (as it appears) the ALJ accepted Dr. Tilton's opinion regarding a limitation on Plaintiff's ability to perform work activities without special or additional supervision, then the ALJ erred by failing without explanation to account for this limitation in the residual functional capacity assessment and the hypothetical questioning of the vocational expert.  See id.  Such errors may have

been material.  Where a hypothetical question fails to include all of the claimant's limitations, the vocational expert's answer to the question cannot constitute substantial evidence to support the ALJ's decision.  See, e.g., DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991); Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); cf. Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an ALJ's error is harmless only where the error is "inconsequential to the ultimate nondisability determination").

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors.  See McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is

appropriate where, as here, there are "sufficient unanswered questions in the record"). There remain significant unanswered questions in the present record.

**CONCLUSION**

For all of the foregoing reasons,[1] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 23, 2018.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." See Garrison v. Colvin, 759 F.3d at 1021.